**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| COMPUTER CIRCUIT OPERATIONS LLC,<br>Plaintiff,<br>v.<br>TEXAS INSTRUMENTS INC.,<br>Defendant. | Case No.: 6:21-CV-00140-ADA<br>**Jury Trial Demanded** |

**PLAINTIFF'S ANSWER TO DEFENDANT TEXAS INSTRUMENTS' COUNTERCLAIMS**

Plaintiff Computer Circuit Operations LLC ("CCO" or "Plaintiff") hereby answers the counterclaims of Defendant Texas Instruments Incorporated ("TI" or "Defendant") set forth in the Defendant's Answer and Counterclaims ("Counterclaims") (Dkt. No. 17) as follows:

**TI'S COUNTERCLAIMS**

1. Counterclaim-Plaintiff TI is a Delaware corporation with a principal place of business at 12500 TI Boulevard, Dallas, TX 75243.

**ANSWER:** Upon information and belief, CCO admits the allegations of paragraph 1 of TI's Counterclaims.

2. Upon information and belief, Counterclaim-Defendant Computer Circuit is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 1629 Sheepshead Bay Road, Floor 2, Brooklyn, New York 11235.

**ANSWER:** CCO admits the allegations of paragraph 2 of TI's Counterclaims.

3. This is an action for declaratory judgment of invalidity of the '021, '234, '386, '069, and

’603 Patents. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** CCO admits the allegations of paragraph 3 of TI’s Counterclaims. CCO denies TI is entitled to declaratory judgment of invalidity of the ’021, ’234, ’386, ’069, and ’603 Patents in this action.

4. Venue is proper in the Western District of Texas, under 28 U.S.C. §§ 1391 and 1400, as a result of Computer Circuit having filed this action in this District. By filing its Complaint in this District, Computer Circuit has consented to personal jurisdiction and venue.

**ANSWER:** CCO admits that venue is proper in this District for the purpose of this action. CCO denies any remaining allegations of paragraph 4 of TI’s Counterclaims.

5. On February 9, 2021, Computer Circuit filed suit against TI, claiming infringement of the ’021, ’234, ’386, ’069, and ’603 Patents.

**ANSWER:** CCO admits the allegations of paragraph 5 of TI’s Counterclaims.

6. In its Complaint, Computer Circuit alleges it is the owner of the right, title and interest in and to the ’021, ’234, ’386, ’069, and ’603 Patents, including the right to assert all causes of action arising under the ’021, ’234, ’386, ’069, and ’603 Patents and the right to any remedies for infringement. Complaint (ECF No. 1) ¶ 17.

**ANSWER:** CCO admits the allegations of paragraph 6 of TI’s Counterclaims.

7. An actual, substantial, and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Computer Circuit and TI concerning the non-infringement and validity of the ’021, ’234, ’386, ’069, and ’603 Patents. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** CCO admits that an actual, substantial, and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between CCO and TI concerning the validity of the ’021, ’234, ’386, ’069, and ’603 Patents. CCO denies any remaining allegations of paragraph 7 of TI’s Counterclaims.

**Count One**
**(Declaratory Judgement of Patent Invalidity of The ’021 Patent)**

8. TI incorporates paragraphs 1–7 of its Counterclaims as if fully set forth herein.

**ANSWER:** CCO incorporates its responses to the preceding paragraphs of TI’s Counterclaims, as if fully set forth herein.

9. The claims of the ’021 Patent are invalid for failure to comply with one or more requirements of patentability, including requirements under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** CCO denies the allegations of paragraph 9 of TI’s Counterclaims.

10. TI is entitled to a declaratory judgment that the claims of the ’021 Patent are invalid.

**ANSWER:** CCO denies the allegations of paragraph 10 of TI’s Counterclaims.

**Count Two**
**(Declaratory Judgement of Patent Invalidity of The ’234 Patent)**

11. TI incorporates paragraphs 1–10 of its Counterclaims as if fully set forth herein.

**ANSWER:** CCO incorporates its responses to the preceding paragraphs of TI’s Counterclaims, as if fully set forth herein.

12. The claims of the ’234 Patent are invalid for failure to comply with one or more requirements of patentability, including requirements under 35 U.S.C. §§ 101, 102, 103, and/or

112.

**ANSWER:** CCO denies the allegations of paragraph 12 of TI's Counterclaims.

13. TI is entitled to a declaratory judgment that the claims of the '234 Patent are invalid.

**ANSWER:** CCO denies the allegations of paragraph 13 of TI's Counterclaims.

**Count Three**
**(Declaratory Judgement of Patent Invalidity of The '386 Patent)**

14. TI incorporates paragraphs 1–13 of its Counterclaims as if fully set forth herein.

**ANSWER:** CCO incorporates its responses to the preceding paragraphs of TI's Counterclaims, as if fully set forth herein.

15. The claims of the '386 Patent are invalid for failure to comply with one or more requirements of patentability, including requirements under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** CCO denies the allegations of paragraph 15 of TI's Counterclaims.

16. TI is entitled to a declaratory judgment that the claims of the '386 Patent are invalid.

**ANSWER:** CCO denies the allegations of paragraph 16 of TI's Counterclaims.

**Count Four**
**(Declaratory Judgement of Patent Invalidity of The '069 Patent)**

17. TI incorporates paragraphs 1–16 of its Counterclaims as if fully set forth herein.

**ANSWER:** CCO incorporates its responses to the preceding paragraphs of TI's Counterclaims, as if fully set forth herein.

18. The claims of the '069 Patent are invalid for failure to comply with one or more requirements of patentability, including requirements under 35 U.S.C. §§ 101, 102, 103, and/or

112.

**ANSWER:** CCO denies the allegations of paragraph 18 of TI's Counterclaims.

19. TI is entitled to a declaratory judgment that the claims of the '069 Patent are invalid.

**ANSWER:** CCO denies the allegations of paragraph 19 of TI's Counterclaims.

**Count Five**
**(Declaratory Judgement of Patent Invalidity of The '603 Patent)**

20. TI incorporates paragraphs 1–19 of its Counterclaims as if fully set forth herein.

**ANSWER:** CCO incorporates its responses to the preceding paragraphs of TI's Counterclaims, as if fully set forth herein.

21. The claims of the '603 Patent are invalid for failure to comply with one or more requirements of patentability, including requirements under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** CCO denies the allegations of paragraph 21 of TI's Counterclaims.

22. TI is entitled to a declaratory judgment that the claims of the '603 Patent are invalid.

**ANSWER:** CCO denies the allegations of paragraph 22 of TI's Counterclaims.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

## RESPONSE TO PRAYER FOR RELIEF

CCO denies that TI is entitled to any of the requested relief and denies any and all allegations contained within TI's Prayer for Relief of the Counterclaims. CCO requests a

judgment in its favor denying TI all relief requested in its Counterclaims and dismissing all counterclaims with prejudice.

CCO denies all remaining allegations not specifically admitted herein.

Dated: May 17, 2021

Respectfully submitted,

*/s/ Dmitry Kheyfits*

Dmitry Kheyfits
dkheyfits@kblit.com
Brandon G. Moore
bmoore@kblit.com
**KHEYFITS BELENKY LLP**
108 Wild Basin Road South Suite 250
Austin, TX 78746
Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
abelenky@kblit.com
Hanna G. Cohen
(admitted *pro hac vice*)
hgcohen@kblit.com
**KHEYFITS BELENKY LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Tel: 212-203-5399
Fax: 212-203-6445

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

*Attorneys for Plaintiff*
*Computer Circuit Operations LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on May 17, 2021, with a copy of this document via the Court's CM/ECF system.

*/s/ Dmitry Kheyfits*
Dmitry Kheyfits